UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PATRICIA CRUMLEY,

Plaintiff,

v.

CITY OF ST. PAUL, MICHAEL BRATSCH and GERALD BOHLING, OFFICERS,

Defendants.

CIVIL NO. 00-2110 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on April 12, 2001 upon Defendants' Motion to Compel [Docket No. 8]. Larry E. Reed, Esq. appeared on behalf of Plaintiff; Pierre Regnier, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Defendants' Motion to Compel [Docket No. 8] is granted. The objections to the discovery are overruled.

2. No later than May 18, 2001, Plaintiff shall provide to Defendants:

   a. complete responses to all Interrogatories;

   b. all documents responsive to discovery requests;

   c. all medical reports, and medical authorizations relating to her care and treatment;

   d. all statements; and

   e. all disclosures required by the provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

FILED MAY 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Plaintiff shall pay to Defendants the sum of $100 as a sanction pursuant to the provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure, and Local Rules 1.3 and 7.1(d).

Dated: May 7, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Prediscovery disclosures under Rule 26(a)(1) were required to be made no later than December 15, 2000. The discovery in dispute was served upon Plaintiff on December 15, 2000. As of March 22, 2001, the disclosures, and responses to discovery, had not been made. Efforts at resolving the dispute under Local Rule 37.1 were unsuccessful. Defendants then brought this Motion to Compel. The response of Plaintiff to the Motion was not timely or complete.

At oral argument, it appeared that the Plaintiff would voluntarily provide the discovery which had been requested, with possible minor exceptions. The Court permitted the parties to follow a process by which the responses would be provided, and any remaining dispute would be called to the attention of the Court in written pleadings.

It now appears that there are two remaining matters in dispute. Plaintiff objects to the Interrogatories on the ground that the number exceeds the number authorized by the Rule. Even if this objection had been stated in a timely manner, we would not sustain it. At the pretrial scheduling conference, and in the Pretrial Scheduling

Order, the parties were advised that number limitations would not be imposed. In addition, the Court is satisfied that the number of Interrogatories is appropriate to this case, and presents the least expensive manner of obtaining the information sought.

Plaintiff also objects to Interrogatory No. 2, which states: "State the name and present address and date of birth of all of your children." Defendants seek this information upon the ground that Plaintiff's Complaint alleges that police harassed Plaintiff's child. Plaintiff objects to providing the information out of concern that disclosure will present risks for her son. We do not find any factual basis for concluding that providing this information will present risks. Particularly where the sensitivity to this issue has been called to the attention of counsel for the Defendants, it is to be expected that extra care will be taken with this information.

In the second paragraph of this Order, we have ordered complete responses to certain discovery obligations. We are aware that Plaintiff has already provided some responses. To the extent those responses are incomplete, complete responses are required. See Rules 37(b) and 37(c)(1).

We have imposed only modest sanctions, for the reasons placed on the record.

J.M.M.